UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  11-20131-CR-MARTINEZ-MCALILEY

UNITED STATES OF AMERICA,

vs.

JONATHAN RANDALL CURSHEN, et al.,

    Defendants.
_____/

### ORDER GRANTING UNITED STATES'S MOTION TO PROVIDE NOTICE TO VICTIMS BY PUBLICATION

THIS CAUSE came before the Court upon the United States's Motion to Provide Notice to Victims by Publication (D.E. No. 154).  In this motion, the United States seeks to comply with 18 U.S.C. § 3771 and provide notice to the potential crime victims in this case by publishing a notice in *The Wall Street Journal* and by posting a notice on the Department of Justice's website.  Defendant Nathan Montgomery ("Montgomery") is the only defendant that has filed an opposition to the Government's motion.  Montgomery argues that the notice is premature because the case has not yet gone to trial, that the notice uses "inflammatory language" which "threatens to undermine the presumption of innocence and Mr. Montgomery's right to a fair trial," and that the notice is duplicitous because the Government has already issued a press release on its website setting forth this information.  (D.E. No. 155 at 1-2).  After careful consideration and for the reasons set forth below, the Court grants the Government's motion.

Eighteen U.S.C. § 3771(a) provides a crime victim with a number of rights including "[t]he right to reasonable, accurate, and timely notice of any public court proceeding . . . involving the crime," [t]he right not to be excluded from any such public court proceeding,"

"[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing or any parole proceeding," and "[t]he reasonable right to confer with the attorney for the Government in the case." Thus, the Government must provide notice to the potential victims. "In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2). Here, given the number of possible victims, the Court finds the Government's proposed method of providing notice on their website and in the Wall Street Journal is a reasonable procedure to provide the notice required under section 3771.

The Court also finds Montgomery's objections to this notice are without merit. First, the Court disagrees that this motion is premature. This case is proceeding towards trial in January, and in order to give effect to the rights outlined in section 3771(a), the Government needs to begin providing notice to the potential victims. Otherwise, it is unclear how the Government would give notice of future court proceedings or how a potential victim would be able to confer with the Government attorney.

The Court also disagrees that the notice uses "inflammatory language," which "threatens to undermine the presumption of innocence and Mr. Montgomery's right to a fair trial." (D.E. No. 155 at 1-2). The proposed notice does not use inflammatory language. Rather, the notice briefly outlines the charges against the Defendants and states that "[a]t this time, there has been no finding of guilt with respect to any of the defendants, and they are presumed innocent until and unless proven guilty beyond a reasonable doubt." (D.E. No. 154 at 3-4). Thus, as the proposed notice explicitly states that the Defendants are presumed innocent, the Court finds it

unclear how this proposed notice undermines the presumption of innocence in this case.

Finally, the Court does not find the publication of the notice in *The Wall Street Journal* to be duplicitous simply because the Government has already published a similar notice on their website. It is doubtful that mere publication of this notice on the Government's website would satisfy the requirements of seciton 3771(d)(2). The publication of the notice in a more widely read publication is necessary to provide the required notice under this statute. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

United States' Motion to Provide Notice to Victims by Publication (D.E. No. 154) is **GRANTED**. The United States is authorized to give notice to potential victims in this case by posting a notice in *The Wall Street Journal* and by posting information relevant to the notification of victims on the website for the Department of Justice, located at http://www.ojp.usdoj.gov/ovc on an ongoing basis throughout the court proceedings.

DONE AND ORDERED in Chambers at Miami, Florida, this 6 day of October, 2011.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record